UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DIXON ROSALES | ) | |
| | ) | CIVIL ACTION NO. 2:18-cv-03104-SSV-JCW |
| | ) | |
| Versus | ) | JUDGE SARAH S. VANCE |
| | ) | |
| | ) | MAGISTRATE JUDGE JOSEPH C. WILKINSON |
| RICH'S CAR WASH, LLC | ) | |

### DEFENDANT'S RESPONSE AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Defendant, Rich's Car Wash, LLC ("Rich's"), respectfully submits this Response to plaintiff's Motion for Class Certification [Doc. 19] ("the Motion").

**1. The record does not support class certification.**

Plaintiff's motion for class certification lacks any factual support in the record and should be denied. While its filing was apparently hastened by Local Rule 23.1(B)'s 91-day requirement, the Motion lacks any support whatsoever in the embryonic record in this action. It should therefore be denied outright or, at minimum, denied without prejudice as premature.

The Fifth Circuit has emphasized that "District courts are required to take a 'close look' at the parties' claims **and evidence** in making its Rule 23 decision."[1] While "[c]lass certification hearings should not be mini-trials on the merits of the class or individual claims," "**[g]oing beyond the pleadings** is necessary as a court must understand the claims, defenses, **relevant**

---

[1] *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005) (emphasis added), *citing Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 615, 117 S.Ct. 2231, 2246, 138 L.Ed.2d 689 (1997).

-1-

**facts**, and applicable substantive law in order to make a meaningful determination of the certification issues."[2]

In contrast to these requirements, the plaintiff in this action relies solely upon the allegations contained in his pleadings – specifically, in his now-dismissed Amended Complaint, which is no longer the operative complaint in this action. While many of the allegations remain the same in plaintiff's Second Amended Complaint, plaintiff adds nothing to the record to support those allegations.

Further, plaintiff does not provide sufficient support for his request for certification. Plaintiff's allegations do not satisfy the threshold requirements of Rule 23(a) or the more demanding requirements of Rule 23(b).

First, with respect to Rule 23(a)(1)'s numerosity requirement, plaintiff relies solely on his own allegation that Rich's – a local car wash – made unsolicited telephone calls to "thousands of individuals." [Doc. 19-1 at p. 4.] This allegation is not plausible. The record shows only 11 calls over the span of one year, to one recipient. [Doc. 9-4.] Further, Rich's has addressed plaintiff's complaint as it pertains to one location. Plaintiff has contended that his complaint may involve Rich's locations in four states. [Doc. 26 at p. 1.]

Second, with respect to Rule 23(a)(2)'s commonality requirement, plaintiff includes issues of whether Rich's used an automated telephone dialing system, whether putative class members consented to the calls, and whether Rich's included opt-out messages. Again, plaintiff relies solely on his own allegations. Alone, those allegations are deficient under the requirements of *Unger, supra*. For example, if plaintiff's claims truly concern multiple locations, then the

---

[2] *Id*. (emphases added, second brackets in *Unger*) (citations omitted).

common issues may not be common at all. These matters are not apparent from the face of plaintiff's complaint.

Likewise, the typicality of plaintiff's claims is entirely theoretical, because plaintiff alleges only that all putative class members were purportedly harmed by Rich's alleged conduct. [Doc. 28, ¶ 37.] With that lone allegation, plaintiff cannot even satisfy the lax burden of proof that he seeks to apply to himself regarding a "common nucleus of operative facts." [Doc. 19-1 at p. 5.] Plaintiff's contentions fail that test and do not show the requisite typicality.

In addition, plaintiff has not properly defined a putative class. No class of Rich's customers can truly be nationwide, as plaintiff proposes. [Doc. 19-1 at p. 2.] Even plaintiff alleges only that Rich's operates "a Gulf-coast chain of car wash franchises." [*Id.*] Does plaintiff's putative class include customers at all Rich's locations? Or is plaintiff's putative class limited to customers at the Earhart Boulevard location? If the putative class purportedly includes all Rich's customers at all locations, then plaintiff has not alleged any facts regarding whether the Rich's "text club" is operated at those other locations or, if so, how it is operated. More locations might – or might not – aid plaintiff in showing "numerosity," but would potentially undercut plaintiff with respect to Rule 23(a)'s commonality and typicality requirements. Nonetheless, at present, <u>all</u> of these factors are unknown.

Finally, the adequacy of class representation under Rule 23(a)(4) is not apparent from the face of plaintiff's complaint. Plaintiff's Second Amended Complaint contains only conclusory allegations on this point, couched in legal and not factual terms. [Doc. 28, ¶ 38.] By themselves, those allegations do not show adequate class representation.

In short, the bare allegations of plaintiff's Second Amended Complaint, filed by leave of court on August 2, 2018 [Docs. 27, 28] cannot satisfy the threshold requirements of Rule 23(a).[3]

Even if plaintiff had satisfied the threshold requirements of Fed.R.Civ.P. 23 (a) – which is denied – plaintiff does not make the requisite showing under Fed.R.Civ.P. 23(b)(2) or 23(b)(3). For injunctive relief, plaintiff refers to injunctive relief to halt future conduct, without pausing to consider whether or not Rich's has altered, or plans to alter, any pertinent aspects of its "text club" without injunctive relief. Such changes could well moot any purported claims for injunctive relief, yet the issue has not been addressed by plaintiff.

Similarly, by itself, the alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("the TCPA"), does not show that common issues will predominate. The Fifth Circuit has rejected blanket allegations of predominance based on allegations of some particular violation of the TCPA, ruling instead that "**the unique facts of each case** generally will determine whether certification is proper."[4]

To date, plaintiff in this action has established no facts whatsoever, and therefore cannot show facts sufficient to support class certification. Moreover, as in *Gene And Gene, LLC, supra*, consent is an issue in this case, and it could preclude a finding that common issues will predominate.

As a final matter, plaintiff has also made no showing that a class action is a superior mechanism in the context of this action. Plaintiff's argument on that point is based largely on the

---

[3] *Compare Cain v. City of New Orleans*, 2018 WL 3657447 at *7-*10 (E.D.La. Aug. 2, 2018) (enumerating factual support for Rule 23(a)(1) requirements).

[4] *Gene And Gene, LLC v. BioPay, LLC,* 541 F.3d 318, 328 (5th Cir. 2008) (reversing grant of class certification and remanding for further proceedings) (emphasis added).

unsupported assumption of numerosity, and a parade of horribles about multiple claims and trials. [Doc. 19-1, at p. 9.] Such arguments fall within the realm of pure speculation, and should be rejected.

### 2.  Discovery should be conducted in stages.

As an additional point, Rich's respectfully requests that the Court order any class-related discovery to be conducted in two stages:  first, Rich's discovery into any factual basis for plaintiff's allegations; and second, any class-related discovery that plaintiffs may be entitled to pursue.

Rich's respectfully suggests that plaintiff's class action allegations are improperly based on nothing more than speculation. The Fifth Circuit has specifically rejected an approach of "sue now, discover a basis for the claims later." For example, in *Torch Liquidating Trust ex rel. Bridge Associates, LLC v. Stockstill*, 561 F.3d 377 (5th Cir. 2009), the Fifth Circuit denied leave for a plaintiff to pursue discovery in order to further amend its claims. The court stated that: "the role of discovery, however, is to find support for properly pleaded claims, not to find the claims themselves." *Torch Liquidating Trust, supra*, 561 F.3d at 392.

In this action, plaintiff has pursued a path similar to that of the plaintiff in *Torch Liquidating Trust*, seeking to amend his complaint multiple times, with "a complete disregard for [his] burden to allege facts that state a claim under existing law." *Torch Liquidating Trust, supra*, 561 F.3d at 391. Rich's respectfully suggests that plaintiff should be required to show some threshold level of evidentiary support before putting Rich's to the expense and burden of engaging in class action discovery.

### 3. Conclusion

For the reasons stated above, Rich's respectfully requests that plaintiff's motion for class certification be denied with prejudice or, at minimum, denied without prejudice at this time.

Rich's further respectfully requests that, if plaintiff's motion is denied without prejudice, that Rich's be allowed to conduct discovery into the purported factual basis for plaintiff's class action allegations, before plaintiff is allowed to impose the burden and expense of class action discovery on Rich's.

Respectfully submitted,

_____/ Stephen T. Perkins /_____
Paul J. Politz, T.A. La. Bar No. 19741
ppolitz@twpdlaw.com
Stephen T. Perkins, La. Bar No. 21014
sperkins@twpdlaw.com
TAYLOR WELLONS POLITZ & DUHE, APLC
1515 Poydras Street, Suite 1900
New Orleans, Louisiana 70112
Telephone: (504) 525-9888
Facsimile: (504) 525-9899

**Attorneys for Rich's Car Wash, LLC**

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served on all known counsel of record by electronic delivery through the Court's electronic filing system, this 7th day of August, 2018.

_____/Stephen T. Perkins /_____